IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00039-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| RONNIE ALLEN STELTER, | |
| Defendant. | |

_____

MCSHANE, Judge:

Defendant Ronnie Stelter moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Def.'s Mot. Reduce Sent. 1, ECF No. 72 ("Def.'s Mot."). Because Mr. Stelter has failed to demonstrate extraordinary and compelling reasons to justify his release, his Motion is DENIED.

## **BACKGROUND**

On May 16, 2022, Mr. Stelter pleaded guilty to Count 4 of a five-count indictment charging Delivery of a Controlled Substance in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(B)(viii). Pre-Sentence Report ¶¶ 1, 3, ECF No. 54 ("PSR"). While on pretrial release, Mr. Stelter complied with the conditions of his supervision: he completed substance abuse treatment, served as a peer support mentor for the same treatment program, and regularly provided negative UAs. *Id.* at ¶ 17. Mr. Stelter was dealing with health issues prior to sentencing, including rheumatoid arthritis, hypertension, and liver and kidney issues. *Id.* at ¶¶ 17, 105.

On November 7, 2022, the court sentenced Mr. Stelter to 60 months' imprisonment, the mandatory minimum. *Id.* at ¶ 88; J. & Commitment 1, ECF No. 61. Mr. Stelter's self-surrender

Opinion & Order 1

date was reset several times before he ultimately began serving his sentence on September 17, 2024. Def.'s Mot. 6–7. He is currently incarcerated at Federal Correctional Institute, Lompoc II. *Id.* On November 21, 2024, Mr. Stelter filed this Motion for Compassionate Release. *Id.* at 15. It is undisputed that Mr. Stelter exhausted all administrative remedies before moving for compassionate release. Gov't's Resp. 4, ECF No. 81.

## LEGAL STANDARD

As a general rule, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c)(1)(A). However, a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i)—otherwise known as compassionate release—acts as an exception to this rule, where a court may reduce a defendant's term of imprisonment under certain conditions. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)).

For a defendant to directly petition the court for compassionate release, they must first exhaust all administrative remedies available through the Bureau of Prisons ("BOP") or wait 30 days from when the request was received by the facility's warden. 18 U.S.C. § 3582(c)(1)(A). Where this exhaustion requirement is met, a court may grant the defendant's motion for compassionate release if it finds that (1) a reduction would be consistent with applicable U.S. Sentencing Commission policy statements; (2) the factors set forth in 18 U.S.C. § 3553(a) warrant the reduction; and (3) "extraordinary and compelling reasons" justify the sentence reduction. *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (quoting § 3582(c)(1)(A)). The defendant has the burden of establishing each requirement. 18 U.S.C. § 3582(c)(1)(A); *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). If a defendant fails to satisfy any of the requirements, the court may deny without assessing each. *Keller*, 2 F.4th at 1284.

**DISCUSSION**

Mr. Stelter argues that his medical conditions justify his compassionate release. Def.'s Mot. 8. Under U.S.S.G. § 1B1.13(b)(1), a defendant's medical circumstances may constitute extraordinary and compelling reasons to grant compassionate release.[1] Such circumstances include situations in which a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [they are] not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B)(i). A defendant's medical circumstances may also justify compassionate release if they are "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

Mr. Stelter notes several ongoing health problems, but his arguments for compassionate release primarily stem from issues with his prosthetic leg. Def.'s Mot. 9–10. According to Mr. Stelter, his prosthetic leg no longer fits and is unusable, so he is unable to provide self-care. *Id.* He explains that he must take off the leg and rely on forearm crutches to use the bathroom and shower, because the stalls are not wheelchair accessible. *Id.* The forearm crutches leave him unstable, and he has suffered several falls, including one that fractured his rib. *Id.*

Mr. Stelter also argues that his need for a prosthetic leg is a medical condition requiring specialized care, and BOP's failure to remedy the leg's improper fit puts his health at risk of serious deterioration. *Id.* at 10. Mr. Stelter provides a letter from his prosthetist, who warns that prison

---

[1] Congress tasked the U.S. Sentencing Commission with defining "extraordinary and compelling reasons" through issued policy statements. *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). This Court views U.S.S.G. § 1B1.13, amended on November 1, 2023, as an applicable policy statement for defendant-filed motions for compassionate release. *See* U.S.S.G. § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons *or the defendant* . . . the court may reduce a term of imprisonment[.]") (emphasis added).

conditions may cause Mr. Stelter's prosthetic to fit improperly, which could result in muscle atrophy, hip flexion contractures, and an increased risk of falls. Def.'s Reply Ex. 1, at 1, ECF No. 89. The prosthetist explains that Mr. Stelter will require regular appointments to ensure his prosthesis functions to preserve his health and avoid extensive physical therapy post-release. *Id*.

The Court finds Mr. Stelter's medical issues are serious and is not convinced by the government's argument that Mr. Stelter can provide sufficient self-care without his prosthetic device. But Mr. Stelter's concerns are being addressed by BOP, so his circumstances do not justify compassionate release at this time. On March 7, 2025, Mr. Stelter was seen by a prosthetist. Joint Supp. Br. Ex. 1, at 50, ECF No. 91. During that appointment, his socket was tightened and socks were added to the socket as a temporary effort to improve the prosthetic's fit and stability. *Id*. The prosthetist noted that the device's underlying issues remained, but that the office "will coordinate with the facility to get [Mr. Stelter] started for a right transfemoral socket replacement and foot replacement." *Id*. These continuing efforts to remedy Mr. Stelter's prosthetic leg mean that his condition is neither one from which he is not expected to recover nor one requiring care that is not being provided. If BOP fails to follow through with the care Mr. Stelter needs, the Court will entertain a future motion, but at this juncture, Mr. Stelter has failed to prove that extraordinary and compelling reasons justify his release.

## CONCLUSION

Mr. Stelter's Motion to Reduce Sentence, ECF No. 72, is DENIED.

IT IS SO ORDERED.

DATED this 9th day of May 2025.

                                              _____s/Michael J. McShane_____
                                                        Michael J. McShane
                                                  United States District Judge